UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

JEFF MACOMBER,

Defendant.

No. 1:26-cv-03664-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on May 12, 2026. On July 6, 2026, the Court screened Plaintiff's initial complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.) That deadline passed, and Plaintiff filed nothing on the docket. On August 18, 2026, the Court issued an order to show cause ordering Plaintiff to show cause within in fourteen days why this action should not be dismissed for failure to state a claim. (ECF No. 9.) The time to file a response to the order to show cause has passed, and Plaintiff has failed to file an appropriate response. Accordingly, dismissal is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to conduct a preliminary screening of any civil action in which a plaintiff proceeds *in forma pauperis* and dismiss any claims that are frivolous, malicious, or fail

to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008), quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff names Secretary Jeff Macomber as the sole Defendant. Plaintiff alleges as follows:

> Government falling behind in the technology (Thinking) interfering with 'a fair opportunity' in todays world (technology speaking) leaving behind a class of citizens unable, unprepared, by indifference. The courts being heavily burdened are unable to properly address persons filing, or accessing the courts in an old and forgotten way, the past has stood still for incarcerated persons leaving them highly negated and unseen to the advancements in the Judicial process.

(ECF No. 1, p. 5.)

/ / /

/ / /

/ / /

## III.

## DISCUSSION

### A. Access to the Courts

It appears that Plaintiff complains of lack of access to file and review documents electronically and access to other current technology.

Prisoners have a constitutional right of access to the courts under the First Amendment. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (limiting this claim to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison or jail's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison or jail's program hindered his efforts to pursue a non-frivolous claim concerning a conviction or conditions of confinement. Id. at 354-55. The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 civil rights actions. Lewis v. Casey, 518 U.S. at 354-55. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (finding that district properly granted summary judgment because prisoner had no "allege[d] injury, such as inability to file a complaint or defend against a charge" resulting from deficiencies in access to legal materials), quoting Lewis, 518 U.S. at 353 & 353 n. 4.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413-14.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. In this instance, Plaintiff has failed to allege or demonstrate "actual injury" in filing his habeas corpus petition and civil rights complaint. Although Plaintiff contends his habeas petition was late and his civil rights complaint was returned, he has not provided sufficient facts to plausible demonstrate that he suffered "actual injury" in relation to those cases. Plaintiff fails to explain how such alleged limitations have impacted him. Indeed, Plaintiff cannot seek relief simply because the relief sought would improve him ability to litigate a case. Lewis, 518 U.S. at 354-55.

In addition, "[s]tate inmates do not have a federal constitutional right to possess computers or access the internet." Duenes v. Wainwright, 2017 WL 6210904, at *3 (W.D. Tex. Dec. 7, 2017) (citations omitted). "The federal courts that have considered the issue of a right to use a computer have reasoned that, because prisoners have no federal constitutional right to possess a typewriter, they logically do not have a constitutional right to a computer." Id., citing Taylor v. Coughlin, 29 F.3d 39, 40 (2d Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) ("Prison inmates have no constitutional right of access to a typewriter."); Lehn v. Hartwig, 13 F. App'x 389, 392 (7th Cir. 2001) (holding, in a section 1983 action, "[i]f prisoners have no constitutional right to a typewriter, they certainly do not have one to a computer"); see also Robinson v. Joya, 2010 WL 1779885, at *3 (E.D. Cal. 2010) (stating, in a section 1983 action, "[n]o court has found that prisoners have a constitutional right to possess personal computers, or items that are similar

to personal computers, in their cells.").

While it may be true that permitting Plaintiff access to certain electronic devices would allow him to better litigate his case, the same analysis would hold true for countless other concessions. The failure to grant concessions is distinct from impeding a prisoner's ability to litigate a case. In sum, Plaintiff has failed to show that he is being "impeded" in any material way, and he fails to state a cognizable claim for relief.

Because the Court has already given Plaintiff a chance to amend—and Plaintiff failed to do so—dismissal is warranted.

**B. Failure to Prosecute**

In addition to failing to state a claim, the Court finds that Plaintiff has failed to prosecute this case. Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff's response to the Court's most recent screening order is overdue, and he has failed to file a first amended complaint. The Court cannot effectively manage its docket if

Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.[1]

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's July 6, 2026 order expressly warned Plaintiff that, if he fails to comply with that order, the Court would recommend to the District Judge that this action be dismissed for failure to state a claim. (ECF No. 8.) The Court's order to show cause required Plaintiff to show cause why the action should not be dismissed for failure to state a claim. (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has failed to file a first amended complaint. Thus, Plaintiff has ceased litigating this action and since he is proceeding *in forma pauperis* monetary sanctions are of little value, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

/ / /

[1] On September 17, 2026, Plaintiff filed "Objections to Magistrate Judge's Findings and Recommendations." (ECF No. 10.) Upon review of that filing, it is apparent that these objections are in relation to Plaintiff's other cases, Cannavan v. Newsom, No. 1:26-cv-06995-KES-EGC (E.D. Cal.) and Cannavan v. Newsom, No. 1:26-cv-06992-JLT-EPG (E.D. Cal.). The filing as it relates to this case is irrelevant and does not address the Court's order to show cause. Moreover, it appears to have been a mass filing filed in all of Plaintiff's recently filed civil cases.

## III.

## ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim and/or failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge